# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, *ex rel.*
MICHAEL S. LORD,

                *Plaintiffs/Relator,*

      - v. -

NORTH AMERICAN PARTNERS IN
ANESTHESIA, LLP, NAPA
MANAGEMENT SERVICES
CORPORATION, NORTH AMERICAN
PARTNERS IN ANESTHESIA
(PENNSYLVANIA), LLC, and POCONO
MEDICAL CENTER,

                *Defendants.*

Civil Action No.:  3:13-CV-2940

JUDGE MANNION

ELECTRONICALLY FILED

## [PROPOSED] JOINT CASE MANAGEMENT PLAN

    <u>Instructions</u>:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

    No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

    Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above- captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 12/09)

# 1. Principal Issues

    1.1    Separately for each party, please give a statement summarizing this case:

## By Relator:

This is a qui tam lawsuit filed by Relator, Michael Lord, on behalf of the United States government. The Relator was a certified nurse anesthetist at Pocono Medical Center ("PMC") where he was employed by the North American Partners In Anesthesia (Pennsylvania), LLC and NAPA Management Services Corporation (collectively, "NAPA"). From 2011-2013, Relator became aware that the Defendants were failing to meet Medicare's rules and regulations that were required prior to submitting a claim for reimbursement for anesthesia services. Relator notified NAPA and PMC of these issues. However, rather than addressing the issue NAPA and PMC constructively discharged the Relator. The Complaint asserts violations of the United States False Claim Act, 31 U.S.C. 3729 *et seq.* based on the false claims submitted to Medicare by the Defendants, as well as Defendants' wrongful retaliation against Relator. In addition, Relator asserts various claims under Pennsylvania law including breach of contract based on Defendants wrongful termination of the Relator.

## By Defendant NAPA:

North American Partners in Anesthesia (Pennsylvania), LLC ("NAPA PA") is part of one of the largest anesthesia practices in the country. NAPA Management Services Corporation supports NAPA PA by providing administrative services. Michael Lord was employed by NAPA PA to work at PMC from 2011 – 2013, but in July 2013 abruptly left in breach of his contract. At all times NAPA billed its services to Medicare patients in compliance with Medicare's rules and regulations. NAPA did not violate the False Claims Act, and did not retaliate against Relator or commit any violations of Pennsylvania law.

## By Defendant PMC:

This is a *qui tam* lawsuit filed by Lord, who worked for NAPA as a certified nurse anesthetist until NAPA discharged him in 2013. Relator alleges improper billing and documentation practices by the NAPA Defendants. Relator alleges that PMC, in addition to the NAPA Defendants, violated the False Claims Act ("FCA"). Because, however, Relator's Complaint makes no allegations regarding any specific PMC conduct that would give rise to an FCA violation, PMC has filed a Motion to Dismiss, which is pending before this Court. Similarly, the Complaint purports to

assert various employment-related causes of action under Pennsylvania law against both the NAPA Defendants and PMC, but PMC never was and is not alleged to have been Relator's employer. PMC also has moved to dismiss these employment claims.

1.2    The facts the parties <u>dispute</u> are as follows:

1.2.1  All material facts.

<u>agree</u> upon are as follows:

**Response:** Until discovery is exchanged, it is premature to come to any agreement on material facts.

1.3    The legal issues the parties <u>dispute</u> are as follows:

**Response:** All legal issues are disputed.

<u>agree</u> upon are as follows:

**Response:** None

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**Response:** None.

1.5    Identify any named parties that have not yet been served:

**Response:** None.

1.6    Identify <u>any additional parties</u> that:

A.    **Relator intends to join**:

**Response:** At this time, Relator does not intend to join any additional parties.

B.    **Defendant(s) intends to join**:

**Response:** At this time, Defendants do not intend to join any additional parties.

1.7    Identify <u>any additional claims</u> that:

    **A.**    **Relator intends to add:**

        **Response:**  At this time, Relator does not intend to add any additional claims.

    **B.**    **Defendant(s) intends to add:**

        **Response:**  At this time, Defendants do not intend to add any additional claims.

## 2.0    Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    **Response:**  Pursuant to FRCP 26(a)(1)(D), the Parties will serve their initial disclosures on or before **May 1, 2017**.

2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

    Disclosed by <u>Relator</u>:

        <u>Name</u>        <u>Title/Position</u>

    **Response:  to be disclosed on May 1, 2017.**

    Disclosed by <u>Defendant</u>:

        <u>Name</u>        <u>Title/Positon</u>

    **Response:  to be disclosed on May 1, 2017.**

## 3.0    Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Dismiss pursuant to Rule 12(b)(6) | PMC | Motion and Brief filed on March 3, 2017 |
| Motion to Dismiss pursuant to Rule 12(b)(6) | NAPA | Motion filed on March 3, 2017 Brief filed on March 22, 2017 |

**4.0 Discovery**

4.1 Briefly describe any discovery that has been completed or is in progress:

A. By Relator:

**Response:** Relator has not completed any discovery.

B. By Defendant(s):

**Response:** Defendants have not completed any discovery.

4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

A. **Relator and NAPA Response:** Relator and NAPA have agreed to conduct discovery in **two stages** as follows:

**Stage One:** All written discovery (including document requests, interrogatories, requests for admission) relating to the retaliation and wrongful termination claims (Counts III – VII) to be completed by **December 31, 2017.**

**Stage Two:** All written discovery (including document requests, interrogatories, requests for admission) relating to the false claims submissions (Counts I and II) and all deposition discovery for all claims to be completed by **September 14, 2018**.

**B.    PMC Response:**    PMC does not object to the two-stage discovery process outlined above. To the extent that Relator's claims against PMC survive PMC's pending Motion to Dismiss, PMC expects that, as PMC never was and is not been alleged to have been Relator's employer, its involvement in Stage One of discovery will be limited.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**Response:** At this time, the Parties have not identified any objections.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

**Response:** At this time, the Parties have not identified any subject area limitations on discovery.

4.5    For each of the following discovery tools, <u>recommend the per-party or per- side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by Relator and by defendant(s)):

4.5.1  **Depositions** (excluding experts) to be taken by:

**Response:**    All deposition discovery to be completed by **September 14, 2018**.

4.5.2 **Interrogatories** to be served by:

**Relator and NAPA Response:**

**Stage One:** Interrogatories served by **June 28, 2016.**

**Stage Two:** Interrogatories served by **January 15, 2018.**

**PMC Response:** Although PMC recognizes that the two-stage discovery process covers an extended time frame, PMC does not object to the deadlines proposed by Relator and NAPA regarding the two-stage discovery process.

4.5.3 **Document production** requests to be served by:

**Relator and NAPA Response:**

**Stage One:** Interrogatories served by **June 28, 2016.**

**Stage Two:** Interrogatories served by **January 15, 2018.**

**PMC Response:** Although PMC recognizes that the two-stage discovery process covers an extended time frame, PMC does not object to the deadlines proposed by Relator and NAPA regarding the two-stage discovery process.

4.5.4 **Requests for admission** to be served by:

**Relator and NAPA Response:**

**Stage One:** Interrogatories served by **October 6, 2017.**

**Stage Two:** Interrogatories served by **April 30, 2018.**

*The Parties agreed there would be no limit on evidentiary RFAs.

**PMC Response:** Although PMC recognizes that the two-stage discovery process covers an extended time frame, PMC does not object to the deadlines proposed by Relator and NAPA regarding the two-stage discovery process.

4.6     Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☒   Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0   Protective Order

5.1     If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2     If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6.0   Scheduling

6.1     Final date for joining additional parties:

**Response:  June 29, 2018.**

6.2     Final date for amending pleadings:

**Response:  June 29, 2018.**

6.3     All <u>fact discovery</u> commenced in time to be completed by:

**Response:  September 14, 2018.**

6.4     All potentially dispositive motions should be filed by:

**Response:  January 18, 2019**

6.5     Reports from <u>retained experts</u> due:

> **Response:**   Initial expert reports due from all Parties on **October 26, 2018**

6.6     Supplementations due:

> **Response:**   Rebuttal expert reports due **November 30, 2018.**

6.7     All expert discovery commenced in time to be completed by:

> **Response:**        **January 31, 2019.**

6.8     This case may be appropriate for trial in approximately:

> __ 240 Days from the filing of the action in this court
>
> __ 365 Days from the filing of the action in this court
>
> __ Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference:

> **Response:   TBD** (month/year)

6.10    Trial

6.10.1 Suggested Date for Trial:

> **Response:   TBD** (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority for the **Relator:**

Gerald Lawrence, Esquire
Name

Partner
Title

**LOWEY DANNENBERG COHEN & HART, P.C.**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428-2977
Address

(610) 941-2760
Daytime Telephone

---

I hereby certify that the following individual(s) have settlement authority for the **North American Partners In Anesthesia (Pennsylvania), LLC and NAPA Management Services Corporation:**

James Weller, Esquire
Name

Partner
Title

**NIXON & PEABODY LLP**
50 Jericho Quadrangle
Suite 300
Jericho, NY  11753-2728
Address

(516) 832-7500
Daytime Telephone

I hereby certify that the following individual(s) have settlement authority for the **Pocono Medical Center**:

John N. Joseph, Esquire
Name

Principal
Title

**POST & SCHELL, P.C.**
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Address

(215) 587-1191
Daytime Telephone

**8.0    Alternative Dispute Resolution ("ADR")**

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure   **NONE**_____

Date ADR to be commenced_____
Date ADR to be completed_____

8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: ☐ Y ☒ **N.**

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

☒ **Scranton/Wilkes-Barre**

☐ Harrisburg

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated:            /s/ *Gerald Lawrence, Esquire*_____
                 **Attorney(s) for Relator Michael Lord**
                 ☒ ECF User(s)
                 ☐ Waiver requested (as separate document)
                 ☐ Fed. R. Civ. P. 7.1 (statement filed if necessary)

Dated: _/s/ James Weller, Esquire_____

**Attorney(s) for NAPA Defendants**

☒ ECF User(s)

☐ Waiver requested (as separate document)

☒ Fed. R. Civ. P. 7.1 (statement filed if necessary)


Dated: _/s/ John N. Joseph, Esquire_____

**Attorney(s) for Defendant Pocono Medical Center**

☒ ECF User(s)

☐ Waiver requested (as separate document)

☒ Fed. R. Civ. P. 7.1 (statement filed if necessary)


\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MICHAEL S. LORD, | Civil Action No.:  3:13-CV-2940 |
| *Plaintiffs/Relator*, | |
| - v. - | JUDGE MANNION |
| NORTH AMERICAN PARTNERS IN ANESTHESIA, LLP, NAPA MANAGEMENT SERVICES CORPORATION, NORTH AMERICAN PARTNERS IN ANESTHESIA (PENNSYLVANIA), LLC, and POCONO MEDICAL CENTER, | ELECTRONICALLY FILED |
| *Defendants*. | |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1) provide for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, including the disclosure of "protected health information" as defined in 45 C.F.R. §§ 160.103 and 164.501, and good cause having been shown, IT IS STIPULATED AND AGREED THAT:

1.      This Stipulation and [Proposed] Protective Order ("Protective Order") governs the treatment of all documents, electronically stored information,

testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party (each, a "Producing Party") in the above-captioned matter (collectively with any appeals, the "Action").

2.     Any Producing Party may designate as confidential any Discovery Material that it believes in good faith contains legally protectable or otherwise personal, proprietary, or financial information that is confidential, confidential trade secrets, non-public research, development, commercial, or competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Producing Party, be detrimental to the conduct of its business, the business of any of its customers or clients, or its economic interests, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order. Any Discovery Material that may contain "protected health information" as defined in 45 C.F.R. §§160.103 and 164.501, which includes but is not limited to health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the

payment for care provided to any individual, which identifies the individual or which reasonably could be expected to identify the individual, shall also be considered Confidential Discovery Material subject to this Protective Order.

3. Confidential Discovery Material shall be designated as such by the Producing Party in one or more of the following ways: (a) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response; (b) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it or media containing it delivered to the opposing party or its counsel or by giving written notice to opposing counsel, describing the document or part thereof either specifically or by category; or (c) information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition, or sending written notice within thirty (30) days of receiving the final version of the transcript of the deposition or testimony, that specific information or testimony constitutes Confidential Discovery Material. Any such designation shall subject the Confidential Discovery Material to this Protective Order without any further act on the part of the Producing Party. For deposition testimony or other testimony, prior to the expiration of the thirty (30) day period (or until a designation is made by

counsel, if such a designation is made in a shorter period of time), all testimony shall be treated as Confidential Discovery Material. In the case of electronically stored information produced in native format, the Producing Party shall include the word "CONFIDENTIAL" in the file or directory name, in a metadata field of a database load file, or by affixing the legend "CONFIDENTIAL" to the media containing the Confidential Discovery Material (*e.g*., CD-ROM, floppy disk, DVD).

4.      The party to which Confidential Discovery Material is produced (the "Receiving Party") shall treat such Confidential Discovery Material as strictly confidential. Confidential Discovery Material shall be used solely for the purpose of this Action, and not in any other litigation, and not for any business or other purpose whatsoever. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss that material for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

5.      Confidential Discovery Material may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

(a) The Receiving Party;

(b) Counsel of record for the Receiving Party, who has executed this agreement, including attorneys consulting with or advising any party to the above-captioned litigation, in-house attorneys, paraprofessionals, employees, and agents of such law firms;

(c) Experts or consultants retained to assist counsel for the Receiving Party, ***provided that*** any such experts or consultants execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), and further provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(d) Employees, officers, and directors of the Receiving Party to the extent that such person(s) are assisting in the prosecution or defense of this Action;

(e) Any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, provided that any such witness or potential witness execute an Undertaking in the form attached hereto as Appendix A prior to any disclosure to such witness or potential witness, and that a copy of such signed

Undertaking is retained by counsel for the party making disclosure to such witness or potential witness;

(f) The author or recipient of the document(s);

(g) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(h) Outside vendors retained by or for the parties to assist in pretrial discovery, trial, and/or hearings in the Action, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, provided that any such vendor executes an Undertaking in the form attached hereto as Appendix A prior to any disclosure to such vendor, and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such vendor;

(i) The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

(j) Any person or entity who counsel for the parties agree, after conferring in good faith, should have access to such materials or who, upon motion with good cause shown, the Court orders may have access, as long as such person

or entity agrees to be bound by the terms of this Order by executing the Undertaking.

6. Neither the Receiving Party nor counsel for the Receiving Party shall disclose to a non-producing party to this Action the Confidential Discovery Material of the Producing Party without the Producing Party's written consent. For example, if defendants North American Partners in Anesthesia (Pennsylvania), LLC and NAPA Management Services Corporation (the "NAPA Defendants") produce Confidential Discovery Material to Plaintiff/Relator in this Action, Plaintiff/Relator shall not disclose that material to defendant Pocono Medical Center without the written consent of the NAPA Defendants.

7. Any Confidential Discovery Material that any party or non-party receives, or later becomes available, from a public source is not subject to this Protective Order.

8. Counsel of record shall retain throughout this Action the Undertakings executed by any person or entity receiving Confidential Discovery Material. Upon request, and only after good-faith discussions between counsel of record, the Undertakings may be exchanged at the conclusion of this Action (meaning final judgment and exhaustion of all appeals or final settlement of all claims), subject to work product and/or other privileges or protections). If any party has good cause to believe that another party has improperly disclosed Confidential Discovery

Material, it may move for an order allowing it to inspect the Undertakings before the conclusion of this Action.

9.     Absent agreement of the parties, Confidential Discovery Material shall be used only for the prosecution or defense of this Action (including any appeals), and may be disclosed only under the circumstances and to the persons or entities specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material.

10.     In the event any Receiving Party having possession, custody or control of any Confidential Discovery Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Confidential Discovery Material, but excluding requests made in connection with an inquiry by a governmental or regulatory authority (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental or regulatory authority promptly, and, in any event, within five (5) business days of receipt of the Third-Party Request, give written notice to counsel for the Producing Party. The Producing Party shall have the burden of objecting to the Third-Party Request. The Receiving Party receiving the Third-Party Request shall be entitled to comply with it except to the

extent that the Producing Party is successful in obtaining an order modifying or quashing the Third-Party Request; provided, however, that the Receiving Party receiving the Third-Party Request shall await the later of ten (10) business days after notice of the request to the Producing Party or the disposition of any motion to quash or motion for a protective order filed by the Producing Party within such ten (10) business day period before producing any Confidential Discovery Material in response to the Third-Party Request, to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or the like. Nothing in this Order shall require any Receiving Party to disregard or violate any order or direction of any governmental or regulatory authority.

11.     The inadvertent failure to mark a document or testimony, or a portion thereof, with the "CONFIDENTIAL" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the confidential material was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" designation thereupon.

Such Confidential Discovery Material shall be subject to this Protective Order as if it had been initially so designated. Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order. If, prior to receiving such notice, the Receiving Party has disclosed the Confidential Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Discovery Material.

12.     Pursuant to Federal Rule of Evidence 502(d), the disclosure of any Discovery Material in this Action shall be without prejudice to any claim by a Producing Party that such material is subject to the attorney-client privilege, the work product doctrine and any other applicable privilege or protection for withholding production. Such disclosure shall not constitute or be deemed a waiver of any claim of attorney-client privilege, the work product doctrine, or any other privilege, immunity, or protection that the Producing Party would otherwise be entitled to assert with respect to the Discovery Material and its subject matter.  The non-waiver of such privileges or protections shall apply to the Action, as well as any other federal or state proceeding.

(a) If a Producing Party informs the Receiving Party in writing that the Producing Party has disclosed privileged or otherwise protected Discovery Material, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. The Receiving Party shall not use such Discovery Material for any purpose until further order of the Court. The Receiving Party shall have seven days to (i) return the Discovery Material and all copies thereof to the Producing Party or certify in writing to the Producing Party that it has destroyed all records and copies of such Discovery Material; and (ii) if the Receiving Party has an objection to the claim of privilege or protection, notify the Producing Party in writing of an objection to the claim of privilege or protection, along with the grounds for the objection, and/or an assertion that any privilege or protection has been waived. The parties shall meet and confer concerning the Receiving Party's objection within a reasonable time after the Producing Party receives written notice of such objection;

(b) After it reasonably appears that good faith efforts to resolve the dispute through the meet and confer process have failed, either party may move for an order on the status of the Discovery Material. Parties must provide notice to the opposing party and move for an order no later than 21 days after providing such notice. Nothing in this Protective Order shall alter or waive the standards and burden applicable to any motion concerning the privilege or protection asserted, or

any waiver thereof. During the pendency of such a motion, the Producing Party shall preserve the documents until the claim is resolved, but each Receiving Party may not retain the Discovery Material or any copies thereof and shall make no further use of it. Any copy of such Discovery Material submitted to the Court in connection with the motion shall be filed under seal, redacted, or submitted for *in camera review* in accordance with the terms of this Protective Order; and

(c) If the Receiving Party takes no action within 21 days of the notification of disclosed privileged or otherwise protected Discovery Material, the Receiving Party shall be deemed to have waived any objection to the claim of privilege or other protection.

13.     Absent agreement of the parties, any log prepared by a Producing Party of those documents that it has withheld or redacted on grounds of attorney-client privilege, the work product doctrine, or some other applicable privilege, immunity, or protection shall be done so in accordance with the Federal Rules of Civil Procedure or other applicable authority.

14.     In the event that any Confidential Discovery Material is used in any Court proceeding in this Action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Before filing or using any Confidential Discovery Material in connection with any substantive or discovery motion or court proceeding, counsel

shall meet and confer on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts. Any copy of Confidential Discovery Material submitted to the Court in connection with a motion or court proceeding shall be filed under seal, redacted, or protected from public disclosure by another procedure agreed upon by the parties. If the parties are unable to agree on a procedure, counsel for the Receiving Party seeking to use Confidential Discovery Material in connection with or in support of any motion or court proceeding shall advise counsel for the Producing Party seven (7) business days in advance of the filing to give the Producing Party the opportunity to move the Court for leave to file the Confidential Discovery Material under seal (or to seek substantially similar protection in the manner provided for by the applicable local rules). Nothing in this Protective Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information.

15.     Subject to the procedure outlined in Paragraph 14 above, Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court. The Producing Party may apply for an order that evidence be received *in camera* or under other less public circumstances to prevent unnecessary disclosure.

16.     This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Discovery Material produced in this Action can only be used in conjunction with this Action, including any appeals. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

17.     If a party objects to another party's designation of information as "CONFIDENTIAL," it shall advise the Producing Party in writing of the reasons for the objection, and the parties shall meet and confer in a good faith effort to resolve the objection. If the parties are unable to reach an agreement as to the disputed designation, the objecting party may invoke the Court rules and procedures for raising discovery disputes. The information at issue shall be treated as "CONFIDENTIAL" until the Court rules on any such motion, including for purposes of Paragraph 14 above (setting forth procedures for using Confidential Discovery Material in connection with discovery motions). For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this paragraph.

18.     Each document, testimony, material, or other thing, or portion thereof designated as "CONFIDENTIAL" shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the Producing Party agrees to the contrary or the Court renders a decision that a particular document, testimony, material, or other thing, or portion thereof is not "CONFIDENTIAL" as defined under this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

19.     The recipient of any Confidential Discovery Material shall maintain such material in a secure and safe area and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own confidential material. The Parties agree that maintaining Confidential Material on a computer network, which can only be accessed by a recipient holding a unique password (unique to that user) to access that network, would satisfy this obligation. Confidential Discovery Material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summaries, extraction or abstraction is reasonably necessary for the conduct of the Action. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based.

20.     Within thirty (30) days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties in receipt of Confidential Discovery Materials shall use commercially reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Material and certify that fact upon request. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Confidential Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Material, but such retained information shall continue to be treated in accordance with the Order.  Counsel shall also be permitted to keep a copy of Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions or other attorney work product. In that case, counsel shall continue to treat the Confidential Discovery Material in accordance with this Protective Order. Upon request, counsel shall certify in writing that they have complied with this paragraph.

21.     Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

22.     Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

23.     This Protective Order shall be binding on any future party to this Action that is represented by the below signatories.

24.     Any non-party may agree to be subject to and governed by the terms of this Protective Order by signing the Undertaking.

25.     This Protective Order shall continue in force after the completion of this Action.

26.     In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this Action of Confidential Discovery Material, including, but not limited to, the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action.

27. This Court shall retain jurisdiction over all persons and entities subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

28. This Protective Order may be changed only by an order of this Court, and is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Protective Order or any provisions thereof by motion to the Court on notice to the other parties hereto.

This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

Dated: April 6, 2017

**LOWEY DANNENBERG COHEN & HART, P.C.**

/s/ *Gerald Lawrence, Esquire*
Gerald Lawrence, Esquire
Scott V. Papp, Esquire
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
Tel.: (610) 941-2760

*Counsel for Relator Michael Lord*

**ROSENN, JENKINS & GREENWALD, LLP**

/s/ *Thomas J. Campenni, Esquire*
Thomas J. Campenni, Esquire
15 South Franklin Street
Wilkes-Barre, PA 18711
Tel.: (570) 826-5652

**NIXON & PEABODY LLP**
James Weller, Esquire
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728
Tel.: 516-832-7500

*Counsel for the NAPA Defendants*

**POST & SCHELL, P.C.**

/s/ *John N. Joseph, Esquire*
John N. Joseph, Esquire
Matthew T. Newcomer, Esquire
Carolyn H. Kendall, Esquire
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Tel.: (215) 587-1191

*Counsel for Defendant*
*Pocono Medical Center*

\*     \*     \*

**ORDER**

IT IS SO ORDERED.

DATED: _____       _____
                                             JUDGE MANNION
                                             United States District Court Judge

# APPENDIX A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MICHAEL S. LORD, | Civil Action No.:  3:13-CV-2940 |
| *Plaintiffs/Relator*, | |
| - v. - | JUDGE MANNION |
| NORTH AMERICAN PARTNERS IN ANESTHESIA, LLP, NAPA MANAGEMENT SERVICES CORPORATION, NORTH AMERICAN PARTNERS IN ANESTHESIA (PENNSYLVANIA), LLC, and POCONO MEDICAL CENTER, | ELECTRONICALLY FILED |
| *Defendants*. | |

## UNDERTAKING

The undersigned hereby certified that he/she has received a copy of the Stipulated Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the Protective Order, that he/she understands its terms and agrees to be bound by all of the provisions thereof, and that he/she agrees to submit to the jurisdiction of the United States District Court for the Middle District of Pennsylvania, for the enforcement thereof, even if such enforcement proceedings

occur after termination of this Action. He/she understands that violation of the Protective Order is punishable by contempt of court.

Dated:_____

Name:_____

Title:_____


Signed:_____

# CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2017, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically electronically serve a copy of same upon all counsel of record.

Dated:   April 6, 2017

/s/  Scott V. Papp

Scott V. Papp, Esq.
**LOWEY DANNENBERG COHEN & HART, P.C.**
One North Broadway, Suite 509
White Plains, NY 10601
Ph:     914-997-0500
Fax:    914-997-0035
E-mail:  spapp@lowey.com

*Attorney for Relator*