UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel*. **MICHAEL S. LORD,** : | |
| : | |
| **Plaintiffs/Relator** : | CIVIL ACTION NO. 3:13-2940 |
| v : | |
| : | (JUDGE MANNION) |
| **NAPA MANAGEMENT SERVICES CORPORATION, NORTH AMERICAN PARTNERS IN ANESTHESIA (PENNSYLVANIA), LLC, and POCONO MEDICAL CENTER,** : | |
| : | |
| **Defendants** : | |

# MEMORANDUM

On July 1, 2021, this Court denied a motion filed by plaintiff Michael S. Lord, ("Plaintiff" or the "Relator"), for leave to file an amended complaint. Pending before the Court is a motion by the Relator seeking partial reconsideration of the Court's memorandum and order denying his earlier motion. (Doc. 173).[1] As the Relator, however, has failed to provide a

---

[1] *See also* Lord v. NAPA Management Services Corp., 2021 WL 2711542 (M.D. Pa. July 1, 2021) (memorandum opinion denying the Relator's motion for leave to file an amended complaint) [hereafter (Doc. 169)].

sufficient basis for this Court to overturn its previous determinations, the Relator's motion for reconsideration will be **DENIED**.

I.  **BACKGROUND**[2]

Plaintiff Michael Lord is a certified registered nurse anesthetist, ("CRNA"), who was employed at the Pocono Medical Center, ("PMC"), in East Stroudsburg, Pennsylvania from June 10, 2011, to on or about June 21, 2013. Defendants, Relator's employers, collectively operate a specialty anesthesia and perioperative management company that works with anesthesia providers in physician offices, ambulatory surgery centers, and hospitals in several states.

The Relator, on behalf of the United States of America, filed a complaint in December 2013 against NAPA Management Services Corporation and North American Partners in Anesthesia (Pennsylvania), LLC, (collectively the "Defendants"), as well as the Pocono Medical Center, alleging, in part, that the Defendants had submitted false claims to the Centers for Medicare and Medicaid Services and Pennsylvania Medicaid for anesthesiology services that the Defendants knew did not meet the

---

[2] The Court refers to the full procedural and factual background described in its memorandum dated June 20, 2017, (Doc. 73), addressing former defendant Pocono Medical Center's motion to dismiss, as well as the Court's memorandum opinion dated July 1, 2021, denying the Relator's motion seeking leave to amend his complaint, (Doc. 169 at 4-8).

2

necessary criteria for reimbursement. (Doc. 1). On December 7, 2016, after the Government declined to intervene of his behalf, the Relator filed a redacted complaint against PMC and the Defendants. *See* (Doc. 26) (alleging a failure by the Defendants to provide sufficient evidence showing that service benchmarks for reimbursement were reached under applicable law, including the "Seven Steps" rules under the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA")). Thereafter, this Court dismissed various claims against the Defendants and all claims against PMC. (Doc. 74).

The Court filed a scheduling order on April 18, 2017, that set the deadline for filing amended pleadings for June 29, 2018. (Doc. 68). The parties thereafter commenced discovery and the Relator, in light of the numerous document productions between the parties, filed several motions to stay the proceeding's schedule, which resulted in a new deadline for the amendment of pleadings set for March 14, 2020, (the "scheduling order deadline"). (Doc. 106). On March 6, 2020, the Relator filed a letter apprising the Court of discovery disputes between the parties and indicating that more time would be needed to complete various task, including the completion of discovery and the amending of the Relator's complaint. (Doc. 155). Nevertheless, the Relator did not file a motion to stay the proceedings and the Court did not extend the scheduling order deadline.

The Relator finally filed a motion for leave to amend the pleadings on September 12, 2020, roughly six months after the deadline to do so had elapsed. (Doc. 157); *see also* (Doc. 166 at 10) (according to the Relator, the

3

Defendants' efforts to obstruct the discovery process "impeded Relator's ability to gather the facts needed to properly prepare the case" and led to the untimeliness of the motion to amend the pleadings). The Relator's motion included an updated complaint (the "proposed amended complaint"), that roughly doubled the length of the initial complaint and widened the breadth of the claims to include 11 additional years and 10 additional hospitals. (Doc. 169 at 3, n.1). The proposed amended complaint also included claims describing the Defendants' violations of TEFRA in greater detail, most notably more substantive violations of Steps 2 and 7. *See* (Doc. 157-3 at 49-52, 93-98) (alleging a failure to prescribe anesthetic plans under TEFRA Step 2 and provide post-anesthesia care under TEFRA Step 7). This Court, however, denied the Relator's motion for leave to amend as it found that the Relator's request was untimely and that the proposed amendments to the complaint would unduly prejudice the Defendants by extending the scope of the litigation to an unreasonable degree.[3] *See* (Doc. 169 at 12-16). The

---

[3] Though leave to amend under Rule 15 is generally granted, "district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). "The issue of prejudice requires that [courts] focus on the hardship to the defendants if the amendment were permitted." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (citing Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)). The hardships stemming from the Relator's amended complaint acted as one of the foundational reasons why this Court denied the Relator's motion. *See* (Doc. 169); *see also infra* Section III(A).

Relator now submits a motion for partial reconsideration of the denial of his motion for leave to file an amended complaint. (Doc. 173).

II.   **STANDARD**

A motion for reconsideration is governed by Rule 59 of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment. Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to address newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such a motion will only be granted if the moving party demonstrates (1) an intervening change in the controlling law; (2) the existence of new evidence that was unavailable when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted).[4]

---

[4] As argued by the Relator, courts also have "extremely broad discretion to consider the arguments raised in the reconsideration motion, for a court may revise an interlocutory order 'when consonant with justice to do so.'" (Doc. 174 at 6) (quoting St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co., 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007)) (internal citations omitted); see also (Doc. 179 at 4) (quoting Qazizadeh v. Pinnacle Health Sys., 214 F.Supp.3d 292, 295 (M.D. Pa. 2016) (citation omitted)) (when consonant with justice, reconsideration of interlocutory orders "may be had even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice'").

5

Courts generally have broad discretion when considering a motion for reconsideration. *See* Tucker v. Hewlett Packard, Inc., 2021 WL 4060636, at 2 (3d Cir. Sept. 7, 2021) (citing Max's Seafood Café, 176 F.3d at 673) (denial of a motion for reconsideration viewed for an abuse of discretion). Such a motion, however, "may not be used to raise new arguments or present new evidence that could have been raised prior to entry of judgment." U.S. v. Shabazz, 2012 WL 5334481, at *1 (M.D. Pa. Oct. 26, 2012) (internal citation and quotation omitted). As such, "reconsideration is an extraordinary remedy, and should be granted sparingly." Id. (citing D'Angio v. Borough of Nescopeck, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999)).

### III. DISCUSSION

The Relator raises three main arguments in its motion for reconsideration: that the Relator's initial motion for leave to file an amended complaint was only untimely because the Relator was under the assumption that the Court had granted an extension; there was good cause to amend the scheduling order to allow the Relator to extend the scope of his claims to include information obtained through the analysis of medical records produced by former defendant PMC between March 2020 and June 2020 that "captured the full scheme"; and the Defendants would not suffer substantial prejudice as the Relator would no longer seek to extend the reach of his claims to the extent sought in the proposed amended complaint, but

"only as to TEFRA Step 2 and reinstating the original period as to Steps 2 and 7." (Doc. 174).

> A. <u>The Relator's Attempts to Revise the Proposed Amended Complaint to Mitigate Prejudice</u>

In its decision denying the Relator's motion seeking leave to amend the complaint, the Court determined that the proposed amended complaint submitted by the Relator, almost 7 years after the initiation of this action and almost four years after the filing of his redacted complaint, would be unduly prejudicial to the Defendants as it sought to "expand the initial complaint from 85 pages to roughly 155 pages, and, according to the Defendants, … 'significantly expand the scope of this litigation to encompass 11 additional years and at least 10 additional hospitals.'" (Doc. 169 at 3, n.1). Nevertheless, instead of arguing that there has been a change of controlling law, new evidence, or a clear error of law or fact, the Relator requests that this Court consider only a portion of its initial motion and adopt an abbreviated version of its formerly proposed amended complaint. *See* (Doc. 174 at 13) (as the Court "denied Relator's motion to amend based on its finding that Defendants would be substantially prejudiced by expanding the original complaint to the extent Relator had proposed," the Relator "does not seek reconsideration of that overall finding, but only as to TEFRA Step 2 and reinstating the original time period as to Steps 2 and 7").

7

The Relator thereby utilizes a motion for reconsideration to adjust his previously unsuccessful position and trim his proposed amended complaint in an attempt to cure the prejudice inherent in his earlier filing. Allowing a party to use a motion for reconsideration to obtain a second chance to offer a less prejudicial scope for the litigation would be the equivalent to permitting the Relator to compose a new argument molded to account for his formerly failed attempt. Instead, the Relator was required to consider the prejudice the proposed amended complaint created when first making his initial request for leave to amend the pleadings. *See* Shabazz, 2012 WL 5334481, at *1 (quoting Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)) (a motion for reconsideration is not to be used "as an attempt to relitigate a point of disagreement between the Court and the litigant"). As the Relator has failed to support a finding that the prejudicial breadth of the litigation that would spawn from the Relator's proposed amended complaint must be overturned due to a change of controlling law, new evidence, or a clear error of law or fact, the Relator's motion shall be denied.[5]

### B. The Relator Fails to Sufficiently Establish that the Court Misunderstood or Misapplied the Factual Record

---

[5] By arguing that a revised version of the proposed amended complaint incorporating only the TEFRA Step 2 claims and limiting the scope of the litigation to the period between 2007 and 2013, the Relator seemingly recognizes that the proposed amended complaint was overtly prejudicial. Though limiting the scope in such a way would potentially reduce some prejudice faced by the Defendants, allowing parties to compromise after the fact would be unreasonable and would not be "consonant with justice."

Though the Relator has failed to establish that this Court should overturn its decision denying leave to amend the complaint, the Court will address the Relator's two other contentions, both arguing that the Court misunderstood or misapplied the factual record to a degree that would explain why reconsideration is appropriate.

First, the Relator asserts that the initial motion for leave to file an amended complaint was not untimely because the Court had extended the scheduling order deadline. (Doc. 174 at 7-8). This is incorrect. In support of this contention, the Relator cites two internal emails between his legal counsel indicating that one of his attorneys had contacted the Court and was told by one of the Court's law clerks that the Relator "[did] not have to worry" about the scheduling order deadline, and that, to the attorney's understanding, the Court would be "uploading an Order to ECF shortly." (Doc. 173-3 at 11-12). The Relator, therefore, argues that "[i]t would be fair for the Court to consider the fact that it had relaxed the previous deadline," particularly as the Defendants cannot "come forward with any evidence to refute this fact." (Doc. 179 at 3-4).[6]

---

[6] It must be noted that, in regard to the Plaintiff's alleged conversation with the Court, it would be impossible for the Defendants to refute the nature of a "factual" conversation of which they were not a party or for the Court to turn to any evidence from the record for confirmation that it had relaxed a scheduling deadline when an order or notation extending the deadline was never filed.

9

Though the Court and the law clerk in question have no recollection of this alleged communication, if such a call did take place, it must be, at best, assumed that the Relator misunderstood the Court's meaning, as neither the Court nor its clerk have ever extended a scheduling deadline without providing notice to all parties involved in the matter and filing a written order confirming the extension.[7] Here, the Relator seemingly made no effort to file a formal motion for a scheduling extension nor for leave to amend, on or around the deadline.[8] *See* (Doc. 106) (scheduling order filed by the Court setting the deadline for the Realtor to file amended pleadings for March 14, 2020).

Furthermore, it must be acknowledged that the Relator, when first given the opportunity to explain why his motion was untimely, merely claimed

---

[7] From time to time, when an attorney has called chambers to relate a last minute unusual emergency circumstance that has delayed a timely filing of a motion, the court has allowed a filing the next day (or if it were a Friday, on the following Monday) indicating the matter would still be considered although nominally late.

[8] The Relator points to his failure to file the motion for leave to amend by March 14, 2020, as "a critical fact in the Court's analysis of that motion." (Doc. 174 at 8). This is true, as the record clearly indicated that the deadline to file the motion was March 14, 2020, and no other information was provided or available to the Court that contradicted that fact. Nevertheless, assuming arguendo Relator may have mistakenly believed he was granted an extension to file his motion for leave to amend, it would have been unreasonable for the Relator to have assumed that such an extension was for a limitless period of time, and more importantly, it does not overturn the Court's determination that the introduction of the proposed amended complaint would have been unduly prejudicial to the Defendants. (Doc. 169 at 14-16); *see also supra* Section III(A).

that the delay was a result of the Defendants' "continuous obstruction[s]" and efforts to hide evidence. *See* (Doc. 166 at 1) (the Plaintiff makes no mention of his alleged discussions with the Court or mistaken reliance on any alleged guidance). In this regard, the Relator's assertion that he obtained the Court's approval to disregard the scheduling order deadline must be viewed more as a new argument in his efforts to obtain reconsideration rather than the introduction of new evidence that was unavailable at the time the initial motion for leave to amend was filed. *See* Shabazz, 2012 WL 5334481, at *1 (a motion for reconsideration "may not be used to raise new arguments or present new evidence that could have been raised prior to entry of judgment" (internal citation omitted)).

In contrast, the Relator also argues that "good cause" existed for the untimeliness of his motion for leave to amend the complaint, but that the Court "misapprehended the information before it when it concluded that the Relator had long possessed the information necessary to amend as to TEFRA Step 2 and restoring the original time period." (Doc. 179 at 10) (emphasis omitted). This, however, was not the conclusion made by this Court. Instead, as stated in its memorandum opinion denying the Relator leave to amend, the Court determined that it appeared "the Relator had obtained all the meaningful information that he would obtain from the Defendants before the deadline to file an amended complaint." *See* (Doc. 169 at 13-14) ("many of the assertions made by the Relator within the amended complaint … were based on evidence that was received from the

11

Defendants well in advance of the scheduling order deadline" (emphasis added)).

Rather, even as the Relator objects to the Court's interpretation of the record, *see* (Doc. 179 at 10-13), he asserts that the information he belatedly received and for which he almost exclusively relied upon for his allegations regarding the Defendants' violations of TEFRA Steps 2 and 7, was taken from documents "produced solely by" former defendant PMC. (Doc. 174 at 11) ("[o]nly the receipt and analysis of records from PMC" allowed the Relator to "show violations of TEFRA Step 2" and expand "the time period in the complaint as to violations of Step 7"); *see also* (Doc. 166 at 6-77) ("in December 2019, Relator was forced to approach non-party PMC to request documents probative of three of the seven TEFRA Steps" as the Defendants did not possess and could not produce documents required).[9]

As a result, as compared to this Court's findings supporting its initial denial of the Relator's motion for leave to amend, it would have been equally correct for the Court to have concluded that the cause of the Relator's

---

[9] The factual assertion operating as the Relator's main basis for this portion of his motion for reconsideration–that to show violations of TEFRA Steps 2 and 7, the Relator relied solely upon documents from PMC that were requested in November 2021 after the Defendants informed the Relator that they did not possess the information required–thus runs parallel to the facts this Court relied upon in denying the Relator's motion for leave to amend. *See* (Doc. 169 at 13) (according to the record, the Defendants had provided the Relator with all the information they possessed regarding potential TEFRA Steps 2 and 7 violations before the scheduling order deadline).

12

untimely filing was not a failure on the part of the Defendants to produce necessary documents, but the Relator's desire to more substantively allege TEFRA violations based solely on information possessed by a third party from whom the Relator did not timely request a production. (Doc. 174 at 9-11); *see also* (Doc. 169 at 14) (unfortunately, the Relator "took the extra six months to supplement the claims in the complaint" with information obtained not from the Defendants, but a third party). It thus could not be said that "good cause" existed for the Defendants to endure untimely filings for the sole reason that the Plaintiff was waiting on documents requested from a third party no longer involved in the litigation. *See* (Doc. 169 at 12) (citing Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 102 (3d Cir. 2015) (holding that a party had not shown good cause where counsel could have been more diligent in conducting discovery)).

## IV.     CONCLUSION

For the reasons discussed above, Relator's motion for reconsideration of this Court's July 1, 2021 memorandum and order denying the Relator's motion for leave to file an amended complaint will be **DENIED.** A separate order will follow.

          s/ *Malachy E. Mannion*
          **MALACHY E. MANNION**
          **United States District Judge**

**Date: April 14, 2022**
13-2940-06.wpd